UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ELIOT STEIN,                                           :    No.  20-CV-
                                         Plaintiff,    :
                                                       :
          - against -                                  :    COMPLAINT
                                                       :
                                                       :
GOOGLE, LLC D/B/A YOUTUBE,                              :    JURY TRIAL
                                         Defendant.    :    DEMANDED
------------------------------------------------------------------------X

## JURISDICTION

1.       The United States District Court has jurisdiction over this matter under the

trademark laws of the United States, Section 39 of the Lanham Act, 15 U.S.C. §1121, and

under the Judicial Code of the United States, 28 U.S.C. §§ 1331 and 1338.  The United

States District Court has jurisdiction over the state common law causes of action under 28

U.S.C. §1367 and the principles of supplemental jurisdiction.

2.       This Court has jurisdiction over defendant because defendant transacts and

solicits business in the Southern District. Defendant has caused injury in the Southern

District by making infringing videos and alphabetic content available to countless users

within the Southern District, and has regularly solicited and conducted business through

its interactive and commercial web site directed to users within the Southern District.  As

a result, on information and belief, defendant has gained substantial revenues from

services rendered or solicited in the Southern District, either directly to their place of

business or over the internet, to the detriment of plaintiff.  On information and belief,

these activities were conducted with the knowledge that plaintiff would be injured, and

defendant reasonably expected that plaintiff would suffer injury in the Southern District

through defendant's activities.

3.     Venue is proper in the Southern District under 28 U.S.C. §§ 1391(b) and (c) because: defendant does significant business here, employs many employees here, and owns significant real estate here, and therefore resides here; is subject to personal jurisdiction here; and, because a substantial part of the events giving rise to the claims occurred in the Southern District.

## **PARTIES**

4.     Plaintiff is Eliot Stein, a citizen of Oregon, with an address and principal place of business of 1021 NW Hawthorne Ave., Grants Pass, Oregon 97526.

5.     Plaintiff, Eliot Stein, designs and creates fictional characters (and, in particular, a certain character known as PSYCHO TEDDY), audio/video productions, and other types of products, artistic content, and creations, and, in connection with these services, provides for sale and/or viewing/listening various products such as: toys and sporting goods such as puppets and dolls; clothing, hats, and costumes, including masks; audio- and video-related items and things; and, entertainment services.

6.     Plaintiff promotes his goods in electronic and print format and on the internet throughout the United States of America, including the state of New York.

7.     In particular, plaintiff promotes his fictional character, PSYCHO TEDDY in an official video which is available on the internet.

8.     Defendant is Google, LLC d/b/a YouTube, a limited liability company formed under the laws of the state of Delaware, with its principal place of business at 901 Cherry Avenue, San Bruno, California 94066, and with significant business operations in the Southern District, including employment of thousands of employees and ownership of real estate worth many millions of dollars in Manhattan.

9.      Defendant is a world-wide business that owns a web site that provides for video and audio sharing, which includes text and graphic descriptions and explanations of the video and audio content.

10.     At all material times to this complaint, defendant was acting in both a non-fictitious and fictitious capacity, and/or acting by and through its fictitious entity, YouTube, and by and through its employees, agents and servants, who were acting in the scope and course of their employment, agency and servitude.

## BACKGROUND FACTS

## TRADEMARK OWNERSHIP

11.     Plaintiff, Eliot Stein, owns the exclusive right to the famous mark PSYCHO TEDDY for: toys and sporting goods; clothing; audio and video-related products; and, entertainment services. This mark is famous, especially for video spectating, puppets, dolls, hats and apparel, including masks and a costume. Over several years of extensive labor, effort, time, and expense, plaintiff has created characters and other visual, artistic and literary creations for clients throughout the United States in the genres and product lines of fiction, humor, comedy, satire, and adorable dolls and toys, and in so doing, has earned an excellent reputation.

 12.     Plaintiff offers and provides his products and creations throughout the United States of America, including New York, under the mark PSYCHO TEDDY TM.

13.     Plaintiff has been providing his product line and creations under the PSYCHO TEDDY TM mark since at least 2013.

14.     Plaintiff's, Eliot Stein's, products and creations are offered and promoted online, over the Internet. Among the products and creations that plaintiff offers over the media

are dolls, puppets, hats, masks, t-shirts, and video productions that can be viewed at the PSYCHO TEDDY TM web site. www.psychoteddy.com.

15.    Plaintiff's products have been promoted and made accessible to nationwide consumers through the web site located at www.psychoteddy.com. Plaintiff's web site at www.psychoteddy.com receives numerous "hits" or inquiries each day.

16.     Plaintiff's products and creations are directed to broad consumer markets that include all consumers seeking entertainment, recreation, humor, characters, icons, memes, and creative content, and any person who has access to the internet.

17.    Plaintiff has prominently and extensively advertised and promoted the PSYCHO TEDDY TM product over the last seven years through the internet. As a result, plaintiff has developed substantial and valuable goodwill in connection with the PSYCHO TEDDY TM trademark and service mark.

18.    Plaintiff has expended significant amounts of money, time and effort in national advertising efforts for the PSYCHO TEDDY TM mark in promoting plaintiff's products. As a result of that advertising and of the visiting of plaintiff's PSYCHO TEDDY TM web site by thousands of people, plaintiff has established the PSYCHO TEDDY TM trademark as a famous and distinctive mark.

19.    Plaintiff, Eliot Stein, obtained federal registration for its PSYCHO TEDDY TM trademark and service mark for: toys and sporting goods; clothing; audio- and video-related items and things; and, entertainment services. Plaintiff, Eliot Stein, is the owner of the following federal registrations:

| Mark | Registration Number | Registration Date | Goods and Services |
|------|---------------------|-------------------|--------------------|
| PSYCHO TEDDY | 86053255 | 11/18/2014 | Toys & Sporting Goods |
| PSYCHO TEDDY | 86058552 | 09/09/2014 | Clothing |
| PSYCHO TEDDY | 86077669 | 03/03/2015 | Audio-Visual Products |
| PSYCHO TEDDY | 86064858 | 05/20/2014 | Educational & Entertainment Services |

20.    Each of the above registrations is presently owned by Eliot Stein, individually, was duly and legally issued, and is valid and subsisting.  All four registrations are incontestable.  True, correct, and accurate copies of these registrations are attached as **Exhibits "A", "B", "C"** and **"D"**. Said registrations were obvious to the world, and defendant knew, or should have known, of said registrations by routine, quick due-diligence, including internet research. These trademark registrations are verifiable on the internet, ***in seconds.***

21.    Plaintiff has continuously used the PSYCHO TEDDY TM trademark and service mark in interstate commerce for the sale and purchase of products and viewing of videos since their respective dates of adoption.

22.    The designation PSYCHO TEDDY used for plaintiff's products and services is an arbitrary and unique mark.

23.    Plaintiff has vigilantly protected his trademark for the last seven years. Plaintiff has had unauthorized shirts, hats, mugs, notebooks and other products removed from Internet shops, and has had numerous videos removed from all of the major sites. Protecting his trademarks is, and has been, a continuous challenge for plaintiff, which he

deals with one infringer at a time.

## INFRINGING VIDEOS

24.     Currently, and for several months, YouTube has been hosting various videos related to plaintiff's, Eliot Stein's, trademarks and service marks for PSYCHO TEDDY. These videos are infringing plaintiff's registered trademarks and service marks.

25.     The infringing videos, available on YouTube, that visually display the words "PSYCHO TEDDY" or audibly say the words "PSYCHO TEDDY" in either the actual videos or descriptions of the videos, are all illegal trademark violations. The illegal, infringing videos are not authorized by plaintiff. Besides, plaintiff, Eliot Stein, has his own official video of PSYCHO TEDDY.

26.     The infringing video situation has recently been exacerbated by a competition occurring on the world-wide level. Over the last year, there is apparently a competition that has been going on internationally among YouTube creators and video sharers, to create their own original, animated version of the Australian and German song version of PSYCHO TEDDY. There are over 50 videos posted by various people who share their videos on YouTube.

27.     Plaintiff, Eliot Stein, is aware that others are using the name "PSYCHO TEDDY" in Australia and Germany. However, this complaint focuses on plaintiff's registered ownership in the United States of America, and access to plaintiff's intellectual property from the United States of America.

28.     These videos contain either or both of the following: a) an original video animation that has the words "PSYCHO TEDDY" in the description. This content results from a YouTube search with the KEYWORD:  PSYCHO TEDDY; and/or b) a static

graphic throughout the entire video of the words "PSYCHO TEDDY" while the foreign

song is playing.  This content results from a YouTube search with the KEYWORD:

PSYCHO TEDDY.

29.     Additionally, defendant, Google, LLC d/b/a YouTube, automatically generates

videos by its algorithms, and said videos infringe plaintiff's registered mark.

30.     The following videos have appeared and/or are appearing on the web site of

defendant (there are also additional videos whose address has not yet been confirmed):

> a. https://www.youtube.com/watch?v=9CY2O2st82c&list=OLAK5uy_mxq
> Gx9OYlC_crxRCcFT05JxRZOwQfuVGA has a static graphic with the words
> PSYCHO TEDDY graphically displayed through 5 full videos; the user is using
> the name: PSYCHO TEDDY;
> b. https://www.youtube.com/watch?v=9CY2O2st82c&list=OLAK5uy_mxq
> Gx9OYlC_crxRCcFT05JxRZOwQfuVGA has a static graphic with the words
> PSYCHO TEDDY graphically displayed through 5 full videos; the user is using
> the name: PSYCHO TEDDY;
> c. https://www.youtube.com/watch?v=9CY2O2st82c has a static graphic with the
> words "PSYCHO TEDDY" graphically displayed through full video;
> d. https://www.youtube.com/watch?v=BHmnIsos3V0 has the words PSYCHO
> TEDDY graphically displayed at beginning of video;
> e. https://www.youtube.com/watch?v=r9vX5xVOH00 has the words PSYCHO
> TEDDY graphically displayed at beginning of video;
> f. https://www.youtube.com/watch?v=PXlcGm5gxog has the words PSYCHO
> TEDDY in description of video;
> g. https://www.youtube.com/watch?v=8yCje74xXeA has a static graphic with the
> words "PSYCHO TEDDY" graphically displayed through full video;
> h. https://www.youtube.com/watch?v=-7q9H7-Pf1U has the words PSYCHO
> TEDDY in description of video;
> i. https://www.youtube.com/watch?v=wyWTx58wB-8 has the words PSYCHO
> TEDDY in description of video;
> j. https://www.youtube.com/watch?v=5tm6GfvsPWM has the words PSYCHO
> TEDDY in description of video;
> k. https://www.youtube.com/watch?v=xpO6ih-euyw has the words PSYCHO
> TEDDY in description of video;
> l. https://www.youtube.com/watch?v=xtxOKhMenGI has the words PSYCHO
> TEDDY in description of video;
> n. https://www.youtube.com/watch?v=BvhXtlC8CUY has the words PSYCHO
> TEDDY in description of video;
> o. https://www.youtube.com/watch?v=RL-ezFovQLU has the words PSYCHO
> TEDDY graphically displayed at beginning of video;

p. https://www.youtube.com/watch?v=BHmnIsos3V0&list=RDBH mnIsos3V0&start_radio=1 has the words "PSYCHO TEDDY" graphically displayed at beginning of video;

q. https://www.youtube.com/watch?v=AiZmu5SSH5U has the words PSYCHO TEDDY graphically displayed at beginning of video;

r. https://www.youtube.com/watch?v=ze5_b7XHQc8 has the words PSYCHO TEDDY in description of video;

s. https://www.youtube.com/watch?v=ucU-MQLjh70 has the words PSYCHO TEDDY in description of video;

t. https://www.youtube.com/watch?v=Uig67oFhFpA has the words PSYCHO TEDDY in description of video;

u. https://www.youtube.com/watch?v=hRrLETU67m4 has a static graphic with the words "PSYCHO TEDDY" graphically displayed through full video;

v. https://www.youtube.com/watch?v=__6iM6HJIKI has a static graphic with the words "PSYCHO TEDDY" graphically displayed through full video;

w. https://www.youtube.com/watch?v=8yCje74xXeA has a static graphic with the words "PSYCHO TEDDY" graphically displayed through full video.

31.     Plaintiff, Eliot Stein, complained to defendant on or about November 18, 2019,

and provided the following information:

> "TRADEMARK-SERVICE MARK INFORMATION:
> Title: INDEPENDENT TRADEMARK OWNER
> Full legal name: Eliot Stein
> Trademark owner name: Eliot Stein
> Relationship: Myself
> Email: trolldolls@gmail.com
> Brand type: Wordmark
> Register status: Yes
> Jurisdiction of registration: US
> Registration number: Registration Number in US Patent and Trademark
> Office: 4696819 www.psychoteddy.com
> Content type: Video
> Videos: PSYCHO TEDDY
> Clarification: "I am the owner in the United States of the service mark
> PSYCHO TEDDY. I own it in numerous categories. This video uses both
> the name PSYCHO TEDDY in graphics and in verbal usage. I am the
> owner of the rights to the words "PSYCHO TEDDY" for music videos,
> downloadable digital music and all related categories."
> Signature: Eliot Stein".

32.     Plaintiff, Eliot Stein, has complained to YouTube previously about this same

situation, a few years ago. Defendant took down approximately five infringing videos,

8

but ignored plaintiff's requests to have a dozen more infringing videos taken down from the YouTube video sharing web site.

## DAMAGES

33.     Defendant's display and use of the words "PSYCHO TEDDY" are an intentional trademark infringement designed to confuse consumers as to an affiliation or association of defendant and/or defendant's video sharers with plaintiff's, Eliot Stein's, registered trademark and service mark PSYCHO TEDDY TM, and as to the origin of the videos of the defendant's video sharers.

34.     Defendant's and/or defendant's video sharers' display and use of the terms "PSYCHO TEDDY" intentionally dilute the distinctive quality of plaintiff's marks.

35.     In their video display to the potential customers of plaintiff, defendant and/or defendant's video sharers falsely represent that they offer the PSYCHO TEDDY TM character of plaintiff.

36.      Defendant's and/or defendant's video sharers' display and use of the words "PSYCHO TEDDY" are likely to cause confusion, to cause mistake, or to deceive customers, potential customers and users about the videos, as to some affiliation, connection, association, or sponsorship between plaintiff and defendant and/or defendant's video sharers.

37.     Defendant's and/or defendant's video sharers' display and use of the words "PSYCHO TEDDY" place the valuable reputation and goodwill of plaintiff in the hands of defendant and/or defendant's video sharers, over whom plaintiff has absolutely no control.

38.     Defendant's and/or defendant's video sharers' display and use of the words

"PSYCHO TEDDY" dilute the distinctive quality of plaintiff's mark and lessens the words' ability to function as indicators of source.

39.     Plaintiff has suffered and will continue to suffer if the defendant and/or defendant's video sharers are allowed to continue making false and/or misleading statements and/or identifications about their videos. Further, plaintiff has suffered and will continue to suffer if the defendant and/or defendant's video sharers are allowed to continue displaying and using PSYCHO TEDDY in making references to their videos, as such display and use falsely designate the origin of plaintiff's products and services, confuse purchasers, and dilute, tarnish, disparage and blur the strong and positive associations between the plaintiff and the PSYCHO TEDDY TM mark in consumers' minds.

40.     Defendant, Google, LLC d/b/a YouTube had, and still has, a significant and profound role in causing damage to plaintiff, by hosting the videos that infringed, and still infringe, plaintiff's registered marks.

41.     Defendant enabled, and still enables, infringement of plaintiff's registered marks by hosting said videos of its video sharers.

42.     Defendant is the sole entity which has care, custody and control of its web site, and the video content displayed thereon.

43.     Defendant has 100% control of its web site, and also has the power and ability to take down video content which is illegal or violates intellectual property rights.

44.     Plaintiff cannot control defendant's YouTube site. It is impossible for plaintiff, Eliot Stein, to stop hundreds of anonymous people from uploading infringing videos to the video sharing web site of defendant. Defendant, Google, LLC, d/b/a YouTube, allows

video sharers to upload illegal, infringing videos, and accordingly, defendant must be the one to put an end to the wrongful and illegal postings.

45.     Similar situations have arisen thousands of times on defendant's, YouTube's, video sharing site whereby intellectual property is being used in other countries, but the owners in the United States are only concerned about use of the property in America. After the owners complain, YouTube has taken down the videos, posting a notification on the screen such as "Video Unavailable" or "This video is blocked in your country".

46.     Accordingly, defendant knew and should have known, and still knows or should know, of the occurrence of illegal and infringing videos being uploaded to YouTube by video sharers and defendant also knew or should have known, and still knows or should know, that certain intellectual property owners have copyright or trademark rights in the content that is being wrongfully uploaded to YouTube.

## COUNT I: TRADEMARK INFRINGEMENT UNDER LANHAM ACT §§ 32, 43

47.     Plaintiff, Eliot Stein, incorporates herein by reference the above paragraphs of his complaint, as if set forth at length.

48.     In or about 2013, plaintiff designed, created, implemented, and identified a character, PSYCHO TEDDY and web site, "www.psychoteddy.com", with accompanying audio-visual content and products for purchase, featuring an adorable, comical-crazy teddy bear character.

49.     Plaintiff's trademark, PSYCHO TEDDY may be registered under United States Trademark Law.

50.     On or about August 30, 2013, plaintiff applied to the Commissioner of Patents and Trademarks for registration of the words "PSYCHO TEDDY" as a trade mark and

service mark.

51.     On or about May 20, 2014, September 9, 2014, November 18, 2014, and March 3,

2015, plaintiff received from the Commissioner of Patents and Trademarks registration of

the words "PSYCHO TEDDY" as a trade mark and service mark.

52.     Therefore, plaintiff owns and has registered the PSYCHO TEDDY TM mark on

the Principal Register of the United States Patent and Trademark Office.

53.     By virtue of its registration with the United States Patent and Trademark Office,

the PSYCHO TEDDY TM mark is entitled to protection under the Trademark Act, 15

U.S.C. §§ 1051, et seq.

54.     Since 2014, when the trademark was registered to plaintiff, plaintiff has remained

the sole owner of the trademark and service mark.

55.     After the trademark and service mark were registered to plaintiff, the defendant

and/or defendant's video sharers engaged in the conduct mentioned hereinbefore.

56.     Defendant and/or defendant's video sharers have never been authorized by

plaintiff to use the plaintiff's mark, or designation, or any colorable imitation thereof, and

especially plaintiff's video, in any way.  The acts of defendant and/or defendant's video

sharers, including, *inter alia*, defendant's and/or defendant's video sharers' display and

use of the term "PSYCHO TEDDY" constitute willful infringement of the registered

PSYCHO TEDDY TM mark in violation of 15 U.S.C. § 1114,  constitute infringement of

plaintiff's trademark and service mark, and constitute a violation of the federal trademark

laws.

57.     The acts of defendant and/or defendant's video sharers, including, *inter alia*,

defendant's and/or defendant's video sharers' display and use of the term "PSYCHO

TEDDY", constitute willful infringement of the mark PSYCHO TEDDY TM in violation of 15 U.S.C. § 1125 (a)(1)(A).

58.     Upon information and belief, the aforesaid acts, by which defendant is profiting, were undertaken willfully and with the intention of causing consumer confusion, mistake or deception as to the source, sponsorship by plaintiff, or an affiliation between plaintiff and defendant and/or defendant's video sharers.

59.     Defendant's and/or defendant's video sharers' display and use of plaintiff's character, trade mark, and service mark are likely to cause confusion, mistake and deception to the public as to the identity and origin of plaintiff's products, causing irreparable harm to plaintiff for which there is no adequate remedy at law.

60.     The plaintiff has notified the defendant in writing of the infringement, several times. In response, defendant refused to settle the matter amicably by taking down the infringing video and alphabetic content, but, on the contrary, has delayed its responses and made unreasonable demands as to ownership, when the trademarks are readily verifiable on the USPTO web site in a matter of seconds.

61.     The defendant and/or defendant's video sharers continue to infringe plaintiff's trade mark and service mark by continuing to display videos and other content under the name, "PSYCHO TEDDY", in violation of plaintiff's rights and in violation of plaintiff's trade mark and service mark, thus causing irreparable damage.

62.     The defendant and/or defendant's video sharers will continue to infringe plaintiff's trade mark and service mark by continuing to display videos and other content related to a comical-crazy teddy bear character, unless enjoined by this court.

63.     By reason of defendant's and/or defendant's video sharers' conduct, plaintiff is

suffering and will continue to suffer irreparable harm, and unless defendant and/or defendant's video sharers are enjoined from continuing their wrongful acts, the damage to plaintiff will increase.

64.     The plaintiff has complied with any and all statutory requirements as to placing notice of his trade mark and service mark when using his trade mark and service mark.

65.     As a direct result of defendant's conduct, defendant has caused damages to plaintiff, including but not limited to loss of business, loss of customers, loss of sales, loss of profits, loss of future business, loss of future customers, loss of future sales, loss of future profits, loss of goodwill, and dilution. Furthermore, defendant has made profit from its acts.

66.     For the above reasons, defendant is liable for trademark infringement under the Lanham Act.

        WHEREFORE, plaintiff, Eliot Stein, demands that judgment be entered in his favor and against defendant, Google, LLC d/b/a YouTube, and that special, general, statutory, and punitive or treble damages be awarded in the amount of $1,000,000.00, that defendant's profits be returned to plaintiff, that attorneys fees, costs and interest be awarded, and that equitable relief, including but not limited to an accounting, a preliminary injunction, and a permanent injunction, be ordered.

### COUNT II: UNFAIR COMPETITION UNDER LANHAM ACT § 43

67.     Plaintiff, Eliot Stein, incorporates herein by reference the above paragraphs of his complaint, as if set forth at length.

68.     On or about 2013, plaintiff designed, created, and implemented a character and identification of its business, "PSYCHO TEDDY TM", with accompanying products and

services featuring a comical-crazy teddy bear character.

69.     Plaintiff's design, creation, and implementation of its character and brand are original works that may be registered under United States Trademark Law.

70.     On or about August 30, 2013, plaintiff applied to the Commissioner of Patents and Trademarks for registration of the words "PSYCHO TEDDY" as a trademark and service mark.

71.     On or about May 20, 2014, September 9, 2014, November 18, 2014, and March 3, 2015, plaintiff received from the Commissioner of Patents and Trademarks registration of the words "PSYCHO TEDDY" as a trademark and service mark.

72.     Since 2014 when the trade mark and service mark were registered to plaintiff, plaintiff has remained the sole owner of the trademark and service mark.

73.     After the trademark and service mark were registered to plaintiff, the defendant and/or defendant's video sharers engaged in the conduct mentioned hereinbefore.

74.     Defendant's and/or defendant's video sharers' conduct set forth hereinbefore constitutes unfair competition, unfair trade practices, and false advertising under 15 U.S.C. § 1125(a).

75.     Upon information and belief, the aforesaid acts, by which defendant is profiting, were undertaken willfully, deliberately, and with utter disregard of plaintiff's rights.

76.     Defendant's and/or defendant's video sharers' display and use of plaintiff's character, trademark, and service mark, are likely to cause confusion, mistake and deception to the public as to the identity and origin of plaintiff's character and products, causing irreparable harm to plaintiff for which there is no adequate remedy at law.

77.     The plaintiff has notified the defendant in writing of the infringement.

78.    The defendant continues to host the defendant's video sharers' videos that
infringe plaintiff's trademark and service mark by continuing to show and display the
image of and the name, "PSYCHO TEDDY", in violation of plaintiff's rights and in
violation of plaintiff's trademark and service mark, thus causing irreparable damage.

79.    The defendant and/or defendant's video sharers will continue to infringe
plaintiff's trademark and service mark by continuing to display videos and other content
related to a comical-crazy teddy bear character, unless enjoined by this court.

80.    By reason of defendant's and/or defendant's video sharers' conduct, plaintiff is
suffering and will continue to suffer irreparable harm, and unless defendant and/or
defendant's video sharers are enjoined from continuing their wrongful acts, the damage
to consumers and plaintiff will increase.

81.    The plaintiff has complied with any and all statutory requirements as to placing
notice of his trade mark and service mark when using his trade mark and service mark.

82.    As a direct result of defendant's conduct, defendant has caused damages to
plaintiff, including, but not limited to, loss of business, loss of customers, loss of sales,
loss of profits, loss of future business, loss of future customers, loss of future sales, loss
of future profits, and loss of goodwill. Furthermore, defendant has made profit from its
acts.

83.    For the above reasons, defendant is liable for unfair competition and trade
practices under the Lanham Act.

        WHEREFORE, plaintiff, Eliot Stein, demands that judgment be entered in his
favor and against defendant, Google, LLC d/b/a YouTube, and that special, general,
statutory, and punitive or treble damages be awarded in the amount of $1,000,000.00, that

defendant's profits be returned to plaintiff, that attorneys fees, costs and interest be awarded, and that equitable relief, including but not limited to an accounting, a preliminary injunction, and a permanent injunction, be awarded.

### COUNT III: TRADEMARK DILUTION UNDER LANHAM ACT § 43

84.    Plaintiff, Eliot Stein, incorporates herein by reference the above paragraphs of his complaint, as if set forth at length.

85.    Plaintiff's PSYCHO TEDDY TM mark is a famous mark, is inherently distinctive, and has further acquired a strong recognition as a result of its extensive use, advertising, and publicity.

86.    Defendant's and/or defendant's video sharers' unauthorized commercial display and use of the term "PSYCHO TEDDY" in commerce on defendant's web site tends to, and does, dilute, tarnish, and blur the distinctive quality of plaintiff's mark, and is diminishing the capacity of the mark to identify and distinguish plaintiff's goods and services, in violation of 15 U.S.C. § 1125 (c).

87.    Defendant's and/or defendant's video sharers' display and use of the term "PSYCHO TEDDY" began after plaintiff's mark had become famous.

88.    Defendant and/or defendant's video sharers willfully intended to trade on the reputation of plaintiff, or to cause dilution of plaintiff's famous mark.

89.    By reason of the acts of defendant and/or defendant's video sharers, plaintiff is suffering and will continue to suffer irreparable harm, and unless defendant is enjoined from continuing its wrongful acts, the damage to plaintiff will increase.

90.     As a direct result of defendant's conduct, defendant has caused damages to plaintiff, including, but not limited to, loss of business, loss of customers, loss of sales,

loss of profits, loss of future business, loss of future customers, loss of future sales, loss of future profits, and loss of goodwill. Furthermore, defendant has made profit from its acts.

91.     For the above reasons, defendant is liable for trademark dilution under the Lanham Act.

        WHEREFORE, plaintiff, Eliot Stein, demands that judgment be entered in his favor and against defendant, Google, LLC d/b/a YouTube, that special, general, statutory, and punitive or treble damages be awarded in the amount of $1,000,000.00, that defendant's profits be returned to plaintiff, that attorneys fees, costs and interest be awarded, and that equitable relief, including but not limited to an accounting, a preliminary injunction, a permanent injunction, be awarded.

### COUNT IV: COMMON LAW UNFAIR COMPETION AND MISAPPROPRIATION OF INTELLECTUAL PROPERTY

92.     Plaintiff, Eliot Stein, incorporates herein by reference the above paragraphs of his complaint, as if set forth at length.

93.     At all times material to this complaint, plaintiff owned and possessed and continues to own and possess various intellectual property and information mentioned hereinabove that includes but was not limited to, characters, images, plots, drama, humor, comedy, satire, iconography, know-how, knowledge, marketing strategies, management information, sales information and customer information. Said information and know-how is connected directly and inextricably to plaintiff's character, name, and mark.

94.     Plaintiff's proprietary information was and is the result of the skills, expenditures and labors of plaintiff.

95.     Plaintiff's proprietary information was and is used in his business of selling and

offering products and services related to a comical-crazy teddy bear character.

96.     Plaintiff's proprietary information is, and was, of great value, has great value as a result of his development, supports plaintiff's business of offering and selling products and services related to a comical-crazy teddy bear character, and allows plaintiff's business to be profitable; said information gave plaintiff an advantage over competitors and was used for plaintiff to run his business specifically, uniquely and profitably.

97.     Defendant and/or defendant's video sharers took, copied, displayed, used and/or misappropriated the intellectual property of plaintiff.

98.     Defendant and/or defendant's video sharers intentionally took possession of said property by physically placing their own videos of a counterfeit psychotic bear character under the character, name and mark lawfully owned by plaintiff.

99.     Defendant and/or defendant's video sharers understood and appreciated the value of plaintiff's intellectual property and understood how to apply said information in the marketplace.

100.    Defendant and/or defendant's video sharers knew or should have known that said property was owned by plaintiff.

101.    Defendant and/or defendant's video sharers are still taking possession of said property.

102.    Defendant has failed to remove the infringing videos of its video sharers, after written demand by plaintiff on or about November 18, 2019, November 21, 2019 and December 23, 2019.

103.    By taking the property of plaintiff, defendant and/or defendant's video sharers have misappropriated the property rights of plaintiff and deprived him of the

opportunities and benefits of sole possession of said property, especially in connection with profits derived from said property, and otherwise has excluded plaintiff from his rights of ownership.

104.    Defendant has used said property of plaintiff in conjunction with advertising that appears on the same screen as the illegal, infringing videos or on screens that have links to said videos.

105.    Defendant used plaintiff's intellectual property to advertise and make income and profit, in direct competition with the business of plaintiff, all to its advantage and to the disadvantage of plaintiff.

106.    Defendant received various earnings, revenue and profits from third parties as a direct result of taking, using and applying the intellectual property of plaintiff.

107.    Defendant never notified plaintiff of its taking and using of said information.

108.    The aforesaid conduct of defendant is, and was, a denial or violation of plaintiff's dominion, rights and possession of his intellectual property.

109.    The aforesaid conduct of defendant is, and was, an unauthorized assumption and exercise of the rights of ownership over the property of plaintiff, to the exclusion of plaintiff's rights.

110.    The conduct of defendant, set forth hereinbefore, amounts to unfair competition and a misappropriation of trade marks, service marks, trade names, service names, and/or trade secrets, justifying an award of damages and other relief in favor of plaintiff.

111.    As a direct result of defendant's misappropriation of plaintiff's intellectual property, defendant has caused damages to plaintiff, including, but not limited to: a loss of priority and placement of advertisements and internet search results; a loss of

customers and clients; a loss of future customers, future clients and repeat business from past, present and future clients; a loss of the property of plaintiff; a loss of revenues, income and profit; a loss of knowledge, know-how, experience, and wisdom that would have been gained, but for defendant's advertising and marketing. Furthermore, defendant has made profit from its acts.

112.    As a direct result of defendant's misappropriation of plaintiff's property, defendant will cause damages to plaintiff, including, but not limited to: a loss of priority and placement of advertisements and internet search results; a loss of customers and clients; a loss of future customers, future clients and repeat business from past, present and future clients; a loss of the property of plaintiff; a loss of revenues, income and profit.

WHEREFORE, plaintiff, Eliot Stein, demands that judgment be entered in his favor and against defendant, Google, LLC d/b/a YouTube, and that special damages, general damages, and punitive damages in the amount of One Million Dollars ($1,000,000.00), plus Ten Thousand Dollars ($10,000.00) per day from the filing date of this complaint, plus attorney fees, costs and interest, be awarded and that defendant's profits be returned to plaintiff.

## COUNT V: CONVERSION

113.    Plaintiff, Eliot Stein, incorporates herein by reference the above paragraphs of his complaint, as if set forth at length.

114.    Plaintiff legally owned certain tangible and/or intangible property which was in the form of, *inter alia*, characters, names, marks, know-how, and methods.

115.    The property has a significant monetary value.

116.    Said property was not the property of defendant and/or defendant's video sharers.

117.    Defendant and/or defendant's video sharers knew or should have known that said property was legally and exclusively owned by plaintiff.

118.    Defendant intentionally took possession of said property by physically placing on its video sharing web site illegal, infringing videos, purporting to be under the name and mark of plaintiff, and, therefore, defendant has stolen, converted, seized, controlled or otherwise taken possession of said property, wrongfully.

119.    Defendant is still taking possession of said property.

120.    Defendant has failed to remove the illegal, infringing videos, after demand by plaintiff, on or about November 18, 2019, November 21, 2019 and December 23, 2019.

121.    Defendant knew or should have known said property was owned by plaintiff when it took it and knew the taking of the property was unauthorized by plaintiff.

122.    By taking and retaining the plaintiff's property, defendant has taken and acted in defiance of the property rights of plaintiff, interfered with the property rights of plaintiff, and deprived plaintiff of the opportunities and benefits of sole possession of said property, especially in connection with profits derived from said property when used in and applied to video content related to a comical-crazy teddy bear character, and otherwise has excluded plaintiff from his rights of ownership.

123.    Defendant has used said property of plaintiff to advertise and make income and profit.

124.    Defendant never notified plaintiff that it has, and had, intended to interfere with plaintiff's property rights.

125.    The aforesaid conduct of defendant is, and was, a denial or violation of plaintiff's dominion, rights and possession of its property.

126.    The aforesaid conduct of defendant is, and was, an unauthorized assumption and exercise of the rights of ownership over the property of plaintiff to the exclusion of plaintiff's rights.

127.    The aforesaid conduct of defendant amounts to conversion.

128.    As a direct result of defendant's conversion and wrongful unauthorized taking and copying of plaintiff's property, defendant has caused damages to plaintiff, including, but not limited to: a loss of priority and placement of advertisements and internet search results; a loss of customers and clients; a loss of future customers, future clients and repeat business from past, present and future clients; a loss of the property of plaintiff; a loss of revenues, income and profit. Furthermore, defendant has made profit from its acts.

129.    As a direct result of defendant's conversion and wrongful unauthorized taking of plaintiff's property, defendant will cause damages to plaintiff including, but not limited to: a loss of priority and placement of advertisements and internet search results; a loss of customers and clients; a loss of future customers, future clients and repeat business from past, present and future clients; a loss of the property of plaintiff; a loss of revenues, income and profit; a loss of knowledge, know-how, experience, and wisdom that would have been gained; out of pocket losses; loss of good will; and, harm to the reputation of plaintiff.

    WHEREFORE, plaintiff, Eliot Stein, demands that judgment be entered in his favor and against defendant, Google, LLC d/b/a YouTub, and that special damages, general damages, and punitive damages in the amount of One Million Dollars ($1,000,000.00), plus Ten Thousand Dollars ($10,000.00) per day from the filing date of this complaint, plus attorney fees, costs and interest, be awarded and that defendant's

profits be returned to plaintiff.

## COUNT VI: UNJUST ENRICHMENT

130.    Plaintiff, Eliot Stein, incorporates herein by reference the above paragraphs of his

complaint, as if set forth at length.

131.    The aforesaid conduct of defendant is, was, or may be unjust enrichment, as

defendant has benefitted from the labor and talent of plaintiff, and defendant would be

unjustly enriched if it were allowed to retain such benefits without making payment in

full to plaintiff.

132.    As a direct result of defendant's unjust enrichment, defendant has caused, and

will, or may, cause in the future, damages to plaintiff including, but not limited to: out-of-

pocket losses; loss of reputation, loss of good will, loss of customers; other special and

general damages. Furthermore, defendant has made profit from its acts.

133.    The conduct of defendant was wrongful, illegal and unjust enrichment causing

significant damage to plaintiff and justifying the entry of judgment in favor of plaintiff.

WHEREFORE, plaintiff, Eliot Stein, demands that judgment be entered in his

favor and against defendant, Google, LLC d/b/a YouTube, and that special damages and

punitive damages in the amount of One Million Dollars ($1,000,000.00) plus Ten

Thousand Dollars ($10,000.00) per day from the filing date of this complaint, attorney

fees, costs and interest be awarded and that defendant's profits be returned to plaintiff.

## COUNT VII: EQUITABLE REMEDIES

134.    Plaintiff, Eliot Stein, incorporates herein by reference the above paragraphs of his

complaint, as if set forth at length.

135.    Plaintiff does not, or may not, have an adequate legal remedy for the wrongful,

illegal acts of defendant and/or defendant's video sharers as set forth above.

136.    Plaintiff is suffering, will suffer, and/or may suffer irreparable harm or injury in the present and future, as long as defendant is acting and continuing to act wrongfully and illegally as set forth above, especially given plaintiff's notice to defendant that it owned and had registered the trade mark of "PSYCHO TEDDY TM", and especially as defendant hosts and displays illegal, infringing videos.

137.    After defendant was put on notice of plaintiff's rights to and ownership of the character and trade mark of "PSYCHO TEDDY TM", defendant knew or should have known that plaintiff would seek equitable remedies if defendant failed to stop its wrongful and illegal conduct, including, but not limited, to displaying and hosting videos that infringe plaintiff's character and registered trade mark, and allowing and enabling its video sharers to upload illegal videos that compete unfairly with plaintiff by confusing the public.

138.    Plaintiff needs equitable relief to remedy the wrongful and illegal acts of defendant and/or defendant's video sharers, and is, or may be, entitled to any or all of the following remedies and orders of court against defendant, its officers, agents, servants, employees, licensees, attorneys, subsidiaries, related companies and all persons acting for, with, by, through or under them, and each of them.

> a.    a temporary injunction or restraining order, ordering defendant to take down illegal, infringing videos;
>
> b.    a permanent injunction or restraining order;
>
> c.    declaratory relief;

d.      an accounting of defendant's revenues; earnings and profits gained from its wrongful, illegal conduct mentioned hereinbefore;

e.      an order of court requiring that defendant destroy videos;

f.      prohibit defendant from ever using the words "psycho" and "teddy", or using algorithms so as to generate the display of illegal videos;

g.      prohibit defendant from ever using any word, term, name, symbol or device, or any combination thereof that dilutes or tarnishes plaintiff's marks or is likely to cause confusion, or to cause mistake or to deceive as to defendant's affiliation, connection or association with plaintiff or any other person;

h.      prohibit defendant from ever doing any other act calculated to dilute or tarnish plaintiff's marks, to cause confusion or mistake in the mind of the public, or to deceive consumers into mistakenly believing that any third party or its business, agents, customers, or clients are authorized, sponsored by, or in any way affiliated with, connected or associated with plaintiff or plaintiff's business or services; or misrepresenting the nature, characteristics, qualities or origin of plaintiff's products and services;

i.      ordering that defendant file with the court and serve upon plaintiffs' counsel no later than thirty (30) days after entry of judgment an affidavit setting forth in detail the manner and form in

which defendant has complied with the requirements of the
injunction and order;

j.    ordering defendant to disallow, from the United States of America
and U.S.A. territories, access to any and all videos and their
descriptions (current and future) which contains the words "Psycho
Teddy", other than the only authorized, official video using the
PSYCHO TEDDY trademark, which may continue to be accessed
in the United States of America and which is located at:
https://www.youtube.com/watch?v=y-ljkU6BRzI.

k.    that on an ongoing, regular basis, YouTube respond to any list
which will be provided by plaintiff, Eliot Stein; that YouTube
remove all offending infringements on said list; and that
YouTube report back to Eliot Stein as to the action it has taken
regarding said list;

l.    any other just relief.

WHEREFORE, plaintiff demands that judgment be entered in his favor and
against defendant and that equitable remedies and relief be awarded.

Dated: New York, New York        /s/    *Robert G. Leino, Esq.*
      January 21, 2020           ROBERT G. LEINO, ESQ.
                                 Attorney for Plaintiff, Eliot Stein
                                 15 W. 55th St., 6D
                                 (917) 613-5926
                                 rgleino@leinolaw.com